No. 23-13576

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

———————

AIM IMMUNOTECH, INC.,

        *Plaintiff-Appellant,*

v.

FRANZ TUDOR, et al.,

        *Defendants-Appellees*

———————

On Appeal from the United States District
Court for the Middle District of Florida,
Ocala Division, No. 5:22-cv-00323-JA-GAP

———————

# PLAINTIFF-APPELLANT AIM IMMUNOTECH, INC.,'S
# MOTION TO HOLD APPEAL IN ABEYANCE
# AND SUSPEND BRIEFING SCHEDULE

———————

        George W. Hicks, Jr.
        KIRKLAND & ELLIS LLP
        1301 Pennsylvania Ave.
        Washington, D.C. 20004
        (202) 389-5031
        george.hicks@kirkland.com

*Counsel for Appellant AIM Immunotech, Inc.*

January 5, 2024

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Eleventh Circuit Rule 26.1-1, counsel for Plaintiff-Appellant AIM Immunotech, Inc. hereby certifies that the following is a complete list of the trial judge(s), all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular case on appeal, including subsidiaries, conglomerates, affiliates, and parent corporations, including any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

- AIM Immunotech, Inc. (AIM) – Plaintiff-Appellant
- Bachman, Joshua – Counsel for Appellant, AIM Immunotech, Inc.
- Baker Hostetler LLP – Counsel for Appellee, Jonathan Jorgl
- Chioini, Robert
- Cohen, Seth – Counsel for Appellant, AIM Immunotech, Inc.
- Convergent Capital Group – Counsel for Appellee, Walter Lautz
- Deutsch, Todd – Appellee
- Downs, Mayanne – Counsel for Appellant, AIM Immunotech, Inc.
- Goody Guillen, Teresa – Counsel for Appellee, Jonathan Jorgl
- GrayRobinson, P.A. – Counsel for Appellant, AIM Immunotech, Inc.
- Hicks, George – Counsel for Appellant, AIM Immunotech, Inc.
- Jorgl, Jonathan – Appellee
- Kellner, Ted – Appellee

- Keown, Lindy– Counsel for Appellee, Jonathan Jorgl

- Lammens, Phillip– United States Magistrate Judge

- Lautz, Walter– Appellee

- Kirkland & Ellis LLP – Counsel for Appellant, AIM Immunotech, Inc.

- Molina, Marco– Counsel for Appellee, Jonathan Jorgl

- MCEF Capital LLC – Appellee

- Nason Yeager Gerson Harris & Fumero P.A. – Counsel for Appellees, Todd Deutsch, Ted Kellner, and MCEF Capital LLC

- Presnell, Gregory– United States District Judge

- Rice, Michael

- Stegawski, Michael– Counsel for Appellee, Walter Lautz

- Tudor, Franz– Appellee, pro se

- Williams, Michael– Counsel for Appellant, AIM Immunotech, Inc.

- Woodfield, Gary– Counsel for Appellees, Todd Deutsch, Ted Kellner, and MCEF Capital LLC

- Zimmerman, Jason– Counsel for Appellant, AIM Immunotech, Inc.

Plaintiff-Appellant AIM Immunotech Inc. is a publicly traded company (NYSE: AIM). No parent corporation and no publicly held corporation owns 10% or more of AIM's Stock.

Dated: January 5, 2024                Respectfully Submitted,

<u>s/ George W. Hicks, Jr.</u>
George W. Hicks, Jr.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 389-5000
george.hicks@kirkland.com

*Counsel for Plaintiff-Appellant AIM Immunotech, Inc.*

# PLAINTIFF-APPELLANT AIM IMMUNOTECH, INC.,'S MOTION TO HOLD APPEAL IN ABEYANCE AND SUSPEND BRIEFING SCHEDULE

Plaintiff-Appellant AIM Immunotech, Inc. ("AIM"), respectfully requests that this Court hold in abeyance this appeal and suspend the briefing schedule, including the January 10, 2024 date by which AIM's opening brief is currently due. AIM has conferred with Defendants-Appellees regarding this motion. No Appellee opposes the requested relief: Appellees Tudor and Jorgl have stated that they do not oppose the requested relief; Appellee Lautz has stated that he expects to file a response indicating that he does not oppose the requested relief; and Appellees Kellner, Deutsch, and MCEF Capital LLC have taken no position. In light of the upcoming January 10, 2024 due date for AIM's opening brief, AIM respectfully requests a decision by this Court on this motion as soon as practicable.

In support of the requested relief, AIM states as follows.

## BACKGROUND

1. This appeal arises out of AIM's amended complaint against Defendants-Appellees filed on November 9, 2022, alleging violations of Section 13(d) of the Securities Exchange Act of 1934 and related regulations. *See* Dkt. 54.[1]

---

[1] "Dkt." refers to the docket in *AIM Immunotech, Inc. v. Tudor*, No. 5:22-cv-00323-JA-GAP (M.D. Fla.).

2. On July 10, 2023, the district court dismissed AIM's amended complaint as moot. Dkt. 99. On August 7, 2023, AIM filed a Motion to Alter or Amend Judgment, or Alternatively, Motion for Relief from Order. Dkt. 101. On September 27, 2023, the district court denied AIM's Motion to Alter or Amend Judgment, or Alternatively, Motion for Relief from Order. Dkt. 111.

3. Also on August 7, 2023, Defendant-Appellee Walter Lautz filed a Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e), asking the district court to alter or amend its July 10 order so that it complies with the Private Securities Litigation Reform Act and requesting that the district court impose sanctions against AIM and its counsel pursuant to the PSLRA, which incorporates the sanctions provisions of Fed. R. Civ. P. 11(b). Dkt. 100. On September 12, 2023, Defendant-Appellee Jonathan Jorgl filed a motion directly seeking sanctions against AIM and its counsel under Fed. R. Civ. P. 11(b). Dkt. 108.

4. On October 10, 2023, the district court granted in part Lautz's Motion to Alter or Amend Judgment, concluding that the PSLRA applies to this case, but it deferred ruling on whether AIM and its counsel violated Rule 11(b). *See* Dkts. 114 at 8-10; 115. The district court stated that it would conduct a hearing regarding the propriety of Rule 11(b) sanctions on November 2, 2023. *Id.* at 10. The court asked the parties to be "prepared to discuss," among other things, whether the Amended Complaint and AIM's claim against Jorgl were "objectively frivolous." *Id.* at 9.

5. On October 27, 2023, AIM filed a notice of appeal from the district court's July 10, September 27, and October 10 orders. Dkt. 121. AIM did so given that the consequences for missing a notice of appeal deadline are severe, *see Bowles v. Russell*, 551 U.S. 205, 209-13 (2007), and out of an abundance of caution should this Court or another court determine that granting-in-part Lautz's motion did not toll the appellate deadline. This Court docketed that appeal on October 30, 2023, and set the due date for AIM's opening brief as December 11, 2023. AIM subsequently obtained an over-the-phone extension of time for its opening brief to January 10, 2024.

6. Following AIM's notice of appeal, on October 30, 2023, the district court canceled the November 2 sanctions hearing and asked the parties (1) whether it has jurisdiction to decide the pending sanctions motions by Lautz and Jorgl notwithstanding AIM's appeal, and (2) whether it should defer ruling on the sanctions motions until AIM's appeal is resolved. *See* Dkt. 123.

7. On November 14, 2023, the parties filed a joint response stating that, in their view, (1) the district court has jurisdiction over Jorgl's motion for Rule 11 sanctions despite the filing of a notice of appeal; (2) because the court had not fully disposed of Lautz's Rule 59(e) motion to alter or amend judgment, AIM's notice of appeal "cannot yet take effect" to divest the district court of jurisdiction to resolve that motion; and (3) because the district court has jurisdiction to decide both motions,

which involve overlapping issues, the court should rule on both motions rather than wait for the outcome of this appeal. *See* Dkt. 125.

8. The district court re-set the sanctions hearing for December 19, 2023. The hearing took place on that date. At the close of the hearing, the court permitted the parties to file post-hearing briefs on the sanctions issue. *See* Dkt. 128. The court directed AIM to file its brief two weeks after the hearing transcript is filed, and it directed Appellees Lautz and Jorgl to file a joint brief two weeks after AIM files its brief. *See* Dkt. 146 at 2. To date, the hearing transcript still has not been filed, and neither have the parties' post-hearing briefs.

## ARGUMENT

9. Abeyance of this appeal and suspension of the briefing schedule are warranted to avoid unnecessary, duplicative, and wasteful work by the parties and this Court. This appeal currently presents the issue of whether the district court erred in dismissing the Amended Complaint as moot. Following post-hearing briefing, however, the district court will soon determine whether AIM and its counsel complied with Rule 11(b) in filing a suit that, in the court's view, was moot. The district court's determination of that issue will almost certainly implicate questions going to the merits of the issue before this Court on appeal, not least because the Rule 11(b) inquiry involves a determination of whether the Amended Complaint and AIM's claim against Jorgl were "objectively frivolous" because of mootness.

10. Because the district court's decision and analysis of whether AIM and its counsel complied with Rule 11(b) will bear on the underlying question of whether the Amended Complaint was moot when filed (and other jurisdictional issues implicated in this appeal), the parties and this Court should have the benefit of that decision and analysis before full briefing takes place. It makes little sense for AIM and Appellees to brief the mootness question (and other related jurisdictional issues), and then provide additional briefing once the district court decides the Rule 11(b) issue. The better and more efficient course is to await the district court's decision and analysis, at which point briefing can resume that takes into account the district court's decision on the merits and its decision on the Rule 11(b) issue, which will address all the jurisdictional issues. That approach preserves the resources of the parties and this Court while ensuring that this Court will receive briefing that best assists it in resolving this appeal.

11. Although the district court had signaled as early as October 10 its intention to decide the Rule 11(b) issue, the district court canceled its initially-scheduled Rule 11(b) hearing and asked the parties to brief whether it had jurisdiction to decide sanctions and should decide the pending motions. *See* Dkt. 114 at 9-10; Dkt. 123. Furthermore, even once the district court concluded it had jurisdiction to decide the pending motions and would do so notwithstanding the pendency of this appeal, AIM expected that the district court would decide the

sanctions issue at the rescheduled December 19 hearing, which would precede the due date of AIM's opening brief (January 10, 2024). Accordingly, AIM did not file this motion for abeyance prior to that hearing. Only once it became apparent at the hearing and in the district court's minutes of that hearing that the district court would invite additional briefing, and not render a decision until after the date that AIM's opening brief is currently due, did it become clear that abeyance of the appeal and suspension of the briefing schedule until the district court issued its decision was the most appropriate course, thus prompting this motion.

12. Finally, as the parties informed the district court in response to questions about that court's jurisdiction, AIM's notice of appeal in this case "cannot yet take effect" to divest the district court of jurisdiction because the district court only granted-in-part Lautz's Rule 59(e) motion to alter or amend judgment. *See* Fed. R. App. 4(a)(4); Dkt. 125 at 3-4. Because a not-fully-resolved Rule 59(e) motion "suspend[s]" a notice of appeal "until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals," *Warren v. Am. Bankers Ins. of Fl.*, 507 F.3d 1239, 1245 (10th Cir. 2007), abeyance of this appeal and suspension of the briefing schedule until the district court decides Lautz's motion will help assure this Court of its jurisdiction over this appeal. Briefing should resume only once the district court fully resolves Lautz's motion and this Court's jurisdiction is fully secure.

WHEREFORE, AIM respectfully requests that this Court hold this appeal in abeyance and suspend the briefing schedule. Upon issuance of the district court's decision on the Rule 11(b) issue, AIM will inform the Court and propose a resumed briefing schedule. In light of the upcoming January 10, 2024 due date for AIM's opening brief, AIM respectfully requests a decision by the Court on this motion as soon as practicable.

Respectfully Submitted,

s/ George W. Hicks, Jr.
George W. Hicks, Jr.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 389-5000
george.hicks@kirkland.com

*Counsel for Appellant
AIM Immunotech, Inc.*

Dated: January 5, 2024

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing motion complies with Federal Rules of Appellate Procedures 26, 27(d)(2)(A), and 32(g) because it contains 1,544 words, exclusive of all parts exempted by Federal Rule of Appellate Procedure 32(f).

/s/ George W. Hicks, Jr.
George W. Hicks, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2024 I electronically filed the foregoing using the Court's CM/ECF system, which will automatically send notification to counsel of record.

/s/ George W. Hicks, Jr.
George W. Hicks, Jr.
